Mr. Justice Clayton
delivered the opinion of the court.
On the 26th of April, 1843, Winslow mortgaged to Simmons a lot in the city of Jackson, to secure a debt for $1476, due 1st March, 1844. Simmons assigned to Catlett. On the 23d June, 1843, it was agreed between the mortgagor and the mortgagee, that the latter might enter into possession, and hold the premises, paying rent therefor, if the debt should be paid at maturity. On the 9th of October, 1843, Boarman became the purchaser at execution sale of the mortgaged premises, under a judgment against Wrinslow, dated 2d May, 1843.
The question thence arises, whether this sale of the equity of redemption under execution was valid. In Wolfe v. Doe dem. Dowell, [ante, 103] decided at the present term, it was held that such equity was not the subject of execution sale, unless the mortgage debt had been paid. In that event, the mortgagor would have the whole beneficial interest, the mortgagee nothing but the naked, dry, legal title, and the interest of the mortgagor could be sold. See also 1 Pow. Mort. 257, note; Forth v. Duke of Norfolk, 4 Mad. R. 503.
But in the foregoing case, the execution sale was after default in the payment, and consequently after forfeiture of the condition of the mortgage. It is now insisted, that before the day of payment, the title of the mortgagor is not divested, and that it may therefore be sold, subject to the mortgage. A very elaborate and ingenious argument was made in support of this position.
In the case of Watson v. Dickens, 12 S. & M. 608, it was held, “that at law, by the form of the conveyance, the„mortgagee obtains at once the legal estate, but in equity the mortgagor is considered the real owner, until a decree of foreclosure.” If this decision be correct, and we are still inclined so to hold it, the mortgagor in this case had at the time of the sale under execution, no interest which passed by such sale. “ Upon the execution of a mortgage, the legal estate vests in the mortgagee, sub *152 ject to be defeated, upon the performance of the condition.” 4 Kent, 154. Before the time for payment., as well as afterwards, the interest of the mortgagor is merely an equity. He has not the whole beneficial interest; on the contrary, the title of the mortgagee, both at law and in equity, is subject to be defeated; only upon the performance of certain conditions. Until such performance, the beneficial interest is in the mortgagee, as well as the legal title.
The cases cited in argument to show that such sale is valid, were decided, either in states in which it had been held that the Stat. 5 Geo. II. c. 7, in regard to sales of land in the colonies, was in force, and that such sale was comprehended by that statute ; or in states in which there was an express statute of the state authorizing it; or in states in which there is no court of chancery, and in which, consequently, equitable interests, either partial or entire, are recognized and acted on in the courts of law. We have no such statute, and no English statute has any intrinsic validity here. When the Mississippi territory was organized, the ordinance secured the inhabitants in the enjoyment of judicial proceedings, according to the course of the common law. Toulmin, Dig. 473; Laws U. S. Vol. 1, 475. This, together with the provision in the constitution of 1817, schedule § 5, has been considered to exclude all English statutes, and to adopt only the common law, and the statutes of our own government, for the determination of the rights of the citizen. See Morgan v. Reading, 3 S. & M. 399.
On the 1st December, 1843, Winslow sold his equity of redemption to Catlett, for $540. The bill states that Boarman had tendered the amount of the mortgage debt, on the day appointed for payment, and prays that he may be permitted to redeem, in the event his purchase should be held not to be valid. We throw out of view the sale made by Yerby to Catlett, as having no influence in the case. It hence becomes necessary to consider, on whom the law confers the right to redeem. The rule is thus stated in 1 Powell on Mort. 261, note : The ground for redemption seems to be the having an interest in, or.lien upon, the land. He that has such interest, or lien, may redeem; he *153 that has none, cannot.” The right extends to a judgment creditor, where the judgment constitutes a lien, and to an assignee. 4 Kent, 162. The judgment creditor might therefore have filed his bill, to redeem or to compel a sale or foreclosure, at any time before the execution sale. So might a purchaser at the execution sale, if his purchase were of a character to vest any interest in him, because' he would stand, as to such interest, in the situation of the judgment creditor. He becomes an assignee in law, not of the debt, but of all the creditor’s rights upon the property, by virtue of the judgment. But if nothing passed by the sale, he acquired no interest, and has no right to redeem. This is equally true in regard to his offer to pay, on the day the mortgage debt became due. Catlett had previously purchased the equity of redemption, and was not bound to relinquish his right, to one who had no lien, or interest in the land. Had the purchase by Boarman, at execution sale, conferred any right upon him, it would have been different.
The decree dismissing the bill is therefore affirmed.
A petition for a re-argument was filed, but it was not granted.